[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16436
Non-Argument Calendar

_____

D. C. Docket No. 04-00069-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN AARON TOMPKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 13, 2005)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Jonathan Aaron Tompkins appeals his 103-month sentence pursuant to a

guilty plea for possession of firearm by a convicted felon, in violation of 18 U.S.C.

§ 922(g)(1). He concedes that, in his plea agreement, he waived his Sixth Amendment right to have a jury find sentencing facts beyond a reasonable doubt. He argues, however, that the district court plainly erred by applying the United States Sentencing Guidelines as mandatory, in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), and asserts that the district court's express limitation of its sentencing decision to factors within the guidelines was held unconstitutional in Booker. He further asserts that, although the district court commented that the sentence satisfied the 18 U.S.C. § 3553(a) purposes of punishment and deterrence, it did not indicate whether the sentence was designed to satisfy other § 3553(a) interests, such as rehabilitation, educational training, or medical care. He also contends that the district court violated his Sixth Amendment rights by relying on his prior convictions to enhance his convictions, asserting that Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998)[1] is no longer good law in light of Shepard v. United States, 544 U.S. ___, 125 S. Ct. 1254 (2005).

In his plea agreement, Tompkins waived his Booker Sixth Amendment right to have a jury find the sentencing facts beyond a reasonable doubt. R1-29 at 5.

---

[1] In Almendarez-Torres, the Supreme Court held that the government was not required to allege in an indictment or prove beyond a reasonable doubt a defendant's prior convictions for a district court to use those convictions for the purpose of sentence enhancement. Almendarez-Torres, 523 U.S. at 241, 243-44, 247-48, 118 S. Ct. at 1229, 1230-31, 1232-33.

2

He concedes plain error review as to the Booker statutory issue regarding the district court's application of the guidelines as mandatory. To prevail under a plain error standard, an appellant must show that there is: (1) an error; (2) that the error is plain; and (3) that the plain error affected substantial rights. United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005). Once the appellant proves these three elements, we may notice the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1329 (internal citation omitted).

Based on the Supreme Court's holdings in Booker, there can be two Booker errors: (1) a Sixth Amendment, constitutional, error in the imposition of a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury, and (2) a statutory error in the imposition of a sentence under a mandatory guidelines system. Id., 400 F.3d at 1330-31. Even in the absence of a Booker constitutional error, a district court errs by imposing a sentence under a mandatory Guidelines scheme. See id.

A plain error may be established under the first two prongs of the plain error test when a statutory error exists; that is, the defendant is sentenced under mandatory rather than advisory guidelines. Id. The defendant's burden with respect to the third prong, however, "is to show that the error actually did make a

3

difference." United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir.), cert. denied, __ U.S. __, 125 S. Ct. 2935 (2005). "[I]n applying the third prong, we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Id. at 1301. Reasonable probability of a different result means a probability "sufficient to undermine confidence in the outcome." Id. at 1299 (citation and punctuation omitted). Under the fourth prong, we consider the plain error's affect on the judicial proceedings and look for such factors as the district judge's express desire to impose a sentence different than that imposed. Shelton, 400 F.3d at 1333-34. We have consistently held that a sentence even at the low end of the guideline range, standing alone, is insufficient to carry a defendant's burden demonstrating a reasonable probability of a lesser sentence under advisory guidelines. See United States v. Fields, 408 F.3d 1356, 1361 (11th Cir. 2005) (holding that the fact that the defendant was sentenced at the bottom of the mandatory guideline range, without more, is insufficient to satisfy the third prong's requirement that the defendant show a reasonable probability of a lesser sentence under an advisory guideline system; accord United States v. Cartwright, 413 F.3d 1295, 1301 (11th Cir. 2005)).

Even with the government's concession that district court committed

Booker error that was plain by applying the sentencing guidelines as binding, Tompkins fails to set forth any evidence to show that there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge. See Shelton, 400 F.3d at 1330-31. The district court sentenced Tompkins to a term of imprisonment for 103 months, which is within the middle of the guideline range. The district judge explained: "This is at the midpoint of the guideline range, the Court not finding any aggravating or mitigating circumstances not already accounted for by the guidelines. I do find this meets the goals of punishment and hopefully will act as a deterrent to anyone else who might consider similar criminal activity." R4 at 10. The district court said nothing else, leaving no indication or expression of "reasonable probability" that it would have sentenced Tompkins to a lesser sentence had the guidelines been merely advisory.

Tompkins also cites no authority requiring the district court's express statement that it considered each penal purpose listed in § 3553(a), as opposed to simply stating that the sentence meets "the goals of punishment and hopefully will act as a deterrent." Id. at 10-11; see, e.g., United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005) (per curiam) (stating that even post-Booker, "we would not expect the district court in every case to conduct an accounting of every § 3553(a)

5

factor . . . and expound upon how each factor played a role in its sentencing decision"). There was no reversible, statutory <u>Booker</u> error in sentencing Tompkins under a mandatory guideline scheme because he failed to show that the plain error affected his substantial rights. See <u>Fields</u>, 408 F.3d at 1361.

Although Tompkins also argues that the use of prior convictions to enhance the sentence is unconstitutional and that <u>Almendarez-Torres</u> is no longer good law in light <u>Shepard</u>, his plea agreement waiver also covers this issue. Further, we have consistently held that held that <u>Almendarez-Torres</u> remains good law until it is overruled by the Supreme Court. See <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005) (per curiam) ("Although recent decisions, including <u>Shepard</u>, . . . may arguably cast doubt on the future prospects of <u>Almendarez-Torres</u>'s holding regarding prior convictions, the Supreme Court has not explicitly overruled <u>Almendarez-Torres</u>.").

For the reasons stated above, Tompkins's sentence is

**AFFIRMED.**